# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA,
    Plaintiff,
v.                                                     Case No:    0:21-CR-06067-LSS

LOUIS CHARLES YOUNGLOVE,
    Defendant.
_____/

## MOTION TO SET BOND IN OPPOSITION TO
## THE GOVERNMENT'S MOTION FOR PRETRIAL DETENTION

    The Defendant Louis Younglove, by and through undersigned counsel, and pursuant to 18 U.S.C. § 3142 (c), hereby moves this honorable Court to set a bond in this matter and impose any other conditions the Court deems appropriate to assure that Mr. Younglove appears in Court in this matter and that adequately addresses the safety of the community. A review of the facts and circumstances of this case do not justify the Government's Motion for Pretrial Detention, as the Government cannot establish that no condition or combination of conditions will reasonably assure the Defendant's appearance and the community's safety.

## MEMORANDUM OF LAW IN SUPPORT OF MOTION

    In this case, the Government has charged Mr. Younglove with one count of Possession with Intent to Distribute a Controlled Substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(B). The Government filed this charge by means of a Criminal Complaint dated February 8, 2021. The Government has indicated that it intends to present this case to the Grand Jury to return an Indictment, however it is unknown when that will take place, and it very well may not occur for some time.

    While the Government is seeking pretrial detention in this matter, the factors relevant to the Court's determination of that issue highly disfavor pretrial detention. In order to Order the pretrial detention of Mr. Younglove, the Court must find that no condition or set of conditions exists that will ensure Mr. Younglove's appearance in Court and provide for the safety of the community. United States v. King, 849 F.2d 485 (11th Cir. 1988). Further, in making the determination of Mr. Younglove's eligibility for release the Court considers factors such as whether the offense alleged is violent or nonviolent, the history and characteristics of the Defendant, including his physical condition, family ties, length of residence in the community

and ties to the community, whether the Defendant was on probation or parole at the time of the offense, and the nature and seriousness of the danger to any person or to the community that would be posed by the Defendant's release.

In the instant case, while the allegations regarding the sale of narcotics against Mr. Younglove are clearly very serious, it is important to note that Mr. Younglove was not found with any firearms in his possession, nor has he ever owned any firearms in his life. He has no prior history of violence or violent tendencies. Additionally, Mr. Younglove has lived in South Florida for over 40 years and has never left the state during that time. He does not possess a passport and has no intention to do so. He has substantial support from countless friends and family in the community. While Mr. Younglove does have a prior criminal history, he has never missed Court for any reason.

Additionally, Mr. Younglove suffers from a serious heart condition, which stemmed from a recent series of blood clots in his heart and lungs, which nearly proved fatal. He is currently not receiving his prescribed heart medication at the Broward County Jail. Additionally, the doctor who is treating Mr. Younglove in the jail is unsure what to prescribe for his condition and is also concerned that should Mr. Younglove contract Covid-19 while incarcerated, he would be in a very high-risk group for serious illness.

We are respectfully asking this Court to set a reasonable monetary corporate surety bond in this matter and impose any other conditions the Court deems appropriate to ensure Mr. Younglove's future appearance in Court and to protect the community. The Court has several ways in which it can accomplish this in this case, such as imposing the condition of house arrest with electronic monitoring, ordering that he not work at the Chi-Town Hot Dog restaurant while released. The Court can further order that he not obtain a passport or travel outside of a designated area at any time during release.

As such, the facts and circumstances in this case clearly rebut any presumption that no conditions exist that would adequately protect the community. Additionally, this case is unique in that, if detained pretrial, Mr. Younglove would simply be sitting in jail waiting for the Government to present the case to the Grand Jury for indictment, which could take several weeks or longer. Therefore, it is wholly within this Court's discretion, and would be appropriate for this Court to set a reasonable bond in this matter with conditions, and deny the Government's Motion for Pretrial Detention.

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been e-filed via the CM/ECF system, which will send notice of electronic filing to all counsel or parties of record, on February 16, 2021.

**MK LAW, P.A.**
Attorney for Defendant
633 SE 3rd Avenue, Suite 4F
Ft. Lauderdale, FL 33301
(954) 865-6032
chad@mymklawyers.com

By: _____
Chad S. Mason, Esq.
Fla. Bar No.: 91186